686 A.2d 1302

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant,**

**v.**

**W. Donald PATTON, Administrator of the Estate of Brenda L. Patton, Deceased, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 16, 1996.

Decided Jan. 14, 1997.

John M. Abel, Norristown, for Appellant.

William Haggerty, James C. Haggerty, Scott J. Tredwell, Philadelphia, for Appellee.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

This case involves a tort claim against the Commonwealth of Pennsylvania, Department of Transportation (PennDOT), appellant, due to alleged negligence in maintaining the right-of-way on a public road. The sole issue pertains to the jury instructions, in which the trial court refused to give Penn-DOT's requested instruction pertaining to notice of the dangerous condition.

On June 1, 1988, Brenda Patton, appellee's decedent, was driving on a state road in an urban area of Chester County, when a large limb fell from a tree within the Commonwealth right-of-way onto her car, killing her. The tree had been topped more than twenty years earlier by persons unknown, and the branch had been growing at a forty-five degree angle over the roadway.

At trial, appellee presented expert testimony that the artificial topping of the tree allowed the tree to decay from the top down, weakening the socket of the large branch, causing the limb to fall. The expert witness opined that a topped tree should raise a "red flag" to a well trained tree inspector. PennDOT's inspector disputed that opinion, stating that the

tree was sound, and that there was no evidence the topping was clearly visible from the ground. Other witnesses who saw the tree before the accident testified that they saw nothing wrong with the tree.

█ The trial court gave a general charge on negligence from the Pennsylvania Suggested Standard Civil Jury Instructions, but refused to give the following instruction requested by PennDOT:

> If you find that the alleged dangerous condition existed on June 1, 1988, and that it was caused by artificial conditions, then in determining whether or not the Commonwealth of Pennsylvania, Department of Transportation acted reasonably under all the circumstances here, you must determine whether or not the Commonwealth had actual or constructive notice[, prior to June 1, 1988,] of the allegedly dangerous condition of the highway where plaintiff's accident occurred. . . . 42 Pa.C.S. § 8522(b)(4). Unless you are so convinced by a preponderance of the evidence, you must return a verdict in favor of the Commonwealth of Pennsylvania, Department of Transportation.

Rejecting this point for charge, the trial court held that no notice, actual or constructive, is necessary to activate the Commonwealth's liability under 42 Pa.C.S. § 8522(b)(4). The jury returned a verdict in favor of appellee against appellant PennDOT.

On appeal to the Commonwealth Court, appellant argued the trial court erred in its ruling that no notice was required to hold the Commonwealth liable under 42 Pa.C.S. § 8522(b)(4). The Commonwealth Court agreed, holding that "the liability of [PennDOT], as a possessor of land, arises only when [PennDOT] has either had actual or constructive notice of the risk of unreasonable harm. Before [PennDOT] can be charged with constructive notice of a dangerous condition, that condition must have been apparent upon a reasonable inspection." 669 A.2d at 1094 (citations omitted).

█ This holding is correct. As the Commonwealth Court stated, "the notice that is required under the real estate

exception [42 Pa.C.S. § 8522(b)(4)] is co-extensive with that required under a common law cause of action in negligence." 669 A.2d at 1097. Under 42 Pa.C.S. § 8522(a), the legislature waived sovereign immunity in the instances specified in § 8522(b), provided that damages would have been recoverable at common law if the injury were caused by a person not having available the defense of sovereign immunity. *See Snyder v. Harmon,* 522 Pa. 424, 432, 562 A.2d 307, 310–11 (1989); *see also Mascaro v. Youth Study Center,* 514 Pa. 351, 356–57, 523 A.2d 1118, 1120–21 (1987). A common law action against a municipality for injury caused by a defect in a highway requires that the municipality had notice of the defect. *Good v. City of Philadelphia,* 335 Pa. 13, 16, 6 A.2d 101, 102 (1939). Constructive notice requires that the dangerous condition be apparent upon reasonable inspection. *Id.*

Appellee argues, however, that under Restatement (Second) of Torts § 363(2), the trial court's refusal to instruct the jury on notice was correct. Section 363(2) states: "A possessor of land in an urban area is subject to liability to persons using a public highway for physical harm resulting from his failure to exercise reasonable care to prevent an unreasonable risk of harm arising from the condition of trees on the land near the highway." Despite appellee's assertion to the contrary, § 363(2) of the Restatement (Second) of Torts has never been adopted in Pennsylvania. The cases cited by appellee are inapposite, citing the section in reference to different issues than the one presented here. *See McCarthy v. Ference,* 358 Pa. 485, 58 A.2d 49 (1948); *Harvey v. Hansen,* 299 Pa.Super. 474, 445 A.2d 1228 (1982); *Green v. Borough of Freeport,* 218 Pa.Super. 334, 280 A.2d 412 (1971); *Fuller v. Pennsylvania Railroad Co.,* 169 Pa.Super. 523, 83 A.2d 405 (1951); *McGarr v. United States,* 736 F.2d 912 (3d Cir.1984). *Fuller,* in fact, makes the opposite point: "Whether the information which the defendant had *was sufficient to put it on notice* of the dilapidation of the hillside and the consequent unreasonable risk of harm involved therein *was a question for the jury.*" *Fuller,* 169 Pa.Super. at 528, 83 A.2d at 407 (emphasis added).

Section 363(2) of the Restatement, in any event, is not inconsistent with the requirement of notice. To require a possessor of land to "exercise reasonable care" to prevent harm from the condition of trees is consistent with the necessity that he have actual or constructive notice of a dangerous condition before he may be held liable. Restatement (Second) of Torts § 343 may likewise apply in the circumstances of this case. It states: "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition...." In other words, liability is premised on actual or constructive notice.

This requirement of notice is well established in the common law of this Commonwealth and, if any relevant section of the Restatement (Second) of Torts does not incorporate the requirement, we will interpret it as requiring notice, if possible, or we must conclude that it does not comport with Pennsylvania law. It is evident, therefore, that the trial court was incorrect in concluding that no notice was required to PennDOT and in failing to charge the jury on notice.

 When a challenge is made to the jury instructions, the appellate court must look at the charge in its entirety, against the background of evidence in the case, to determine whether an error of law was committed and whether prejudice resulted. In reviewing the propriety of the refusal of a new trial, the appellate court's inquiry is whether the court below abused its discretion or committed an error of law which controlled the outcome of the case. When a charge is generally accurate, but misleads the jurors on a critical issue, a new trial should be granted. *Stewart v. Motts,* 539 Pa. 596, 606, 654 A.2d 535, 540 (1995); *Gouse v. Cassel,* 532 Pa. 197, 205, 615 A.2d 331, 335 (1992); *Hamil v. Bashline,* 481 Pa. 256, 275, 392 A.2d 1280, 1289–90 (1978); *Wood v. Smith,* 343 Pa.Super. 547, 550, 495 A.2d 601, 603 (1985).

 Notwithstanding its recognition of the trial court's erroneous belief that no notice was required, the Commonwealth Court affirmed the trial court. It stated: "Based on

our review of the record, we conclude, therefore, that sufficient competent evidence supports a determination that [Penn-DOT] knew or should have known of the potential hazard created by the tree and negligently failed to correct the dangerous condition." 669 A.2d at 1095.

Instead of applying the standard for assessing erroneous jury instructions, the Commonwealth Court reviewed the record for sufficiency of the evidence. This was error. It would have been appropriate only if the jury had been instructed to decide if PennDOT had constructive notice and then had decided that question in the affirmative. We would agree that the record contains sufficient evidence to support such a finding if the jury had made such a finding. But the record also contains sufficient evidence to support the opposite finding—that PennDOT did not have constructive notice because the defect was not apparent on reasonable inspection. The fundamental error is that the jury never considered this critical question due to the trial court's failure to instruct it to decide whether or not PennDOT had notice of the dangerous condition.

The question whether a landowner had constructive notice of a dangerous condition and thus should have known of the defect, i.e., the defect was apparent upon reasonable inspection, is a question of fact. As such, it is a question for the jury, and may be decided by the court only when reasonable minds could not differ as to the conclusion. *Carrender v. Fitterer,* 503 Pa. 178, 185, 469 A.2d 120, 124 (1983). If there is any dispute created by the evidence, the court is not permitted to decide the issue. The appellate court had no more authority to decide the issue of constructive notice than the trial court did. It is axiomatic that an appellate court should not substitute its judgment for that of the jury on an issue of fact; such a determination is solely within the province of the jury which had the exclusive opportunity to weigh the expert and lay testimony, observe the witnesses, and to form opinions on credibility. *Melzer v. Witsberger,* 505 Pa. 462, 476 n. 9, 480 A.2d 991, 998 n. 9 (1984), citing *Kay v. Kay,* 460 Pa. 680, 683, 334 A.2d 585, 586 (1975); *Ludmer v. Nernberg,* 433 Pa.Super.

316, 326, 640 A.2d 939, 944 (1994); *Standard Pipeline Coating Co. v. Solomon & Teslovich, Inc.*, 344 Pa.Super. 367, 377–78, 496 A.2d 840, 845 (1985).

The question of constructive notice was a major issue in this case, and there was substantial conflicting evidence on the issue. It was therefore not a question to be decided by the court, but should have been submitted to the jury. The failure to submit the issue to the jury as requested by appellant could very well have controlled the outcome of the case, as the jury might have been misled to believe that PennDOT need not have actual or constructive notice of the dangerous condition in order to be held liable.

Accordingly, it is necessary to order a new trial with directions to give proper and complete instructions on the issue of notice.

The order of the Commonwealth Court is reversed and a new trial is granted.

NEWMAN, J., did not participate in the consideration or decision of this matter.