## Rockwell v. Crown American
## Financing Partnership L.P.

C.P. of Fayette County, no. 1248 of 2002, G.D., 74 of 2003, G.D.

*William M. Radcliffe,* for plaintiffs.

*Brian S. Kane,* for defendants Crown American.
*George P. Kachulis,* for defendants Gower.

LESKINEN, *J.,* October 21, 2004—Before this court are two motions for summary judgment filed by each of the defendants, Crown American Financing Partnership L.P., and Crown American Properties L.P. (Crown) and Thomas Gower and Charles Gower, both individually and t/d/b/a Gower Trucking (Gower).

After full consideration of the record, applicable law, briefs and arguments of counsel, this court finds that genuine issues of material fact still exist; therefore this court denies both defendants' motions for summary judgment.

## BACKGROUND

This action arises out of a slip and fall that occurred on January 24, 2001. Plaintiff, Wendell Rockwell, at the time of the fall, was employed as a service technician at Sears. When he arrived for work at Sears located at the Uniontown Mall on the day in question, plaintiff slipped on a patch of ice as he was exiting his vehicle. It is undisputed that the ice was the result of runoff from a downspout on a shed constructed by Sears in the parking lot of the Uniontown Mall. At the time of the fall, Crown, owners and managers of the Uniontown Mall, leased the premises in question to Sears, and contracted with Gower for snow and ice removal from the parking lot of the premises.

Plaintiffs filed a complaint against Crown on June 4, 2002, at number 1248 of 2002. Thereafter, plaintiffs filed an amended complaint on October 25, 2002, against

Crown at the same number. Plaintiffs also filed a complaint against Gower on March 20, 2003, at number 74 of 2003. The two cases were consolidated by order of court dated June 20, 2003.

On February 26, 2004, Crown filed their motion for summary judgment, and on March 29, 2004, Gower filed their motion for summary judgment in which they raise the same facts and arguments set forth in Crown's motion. Oral argument on the motions took place before this court on June 24, 2004. Thereafter, on July 12, 2004, Gower filed a supplemental motion for summary judgment to which they attached a copy of the contract between Crown and Gower for snow and ice removal.

## DISCUSSION

The purpose of the summary judgment rule is to eliminate cases before trial where a party cannot make out a claim or a defense after relevant discovery has been completed. *Miller v. Sacred Heart Hospital,* 753 A.2d 829 (Pa. Super. 2000). (Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662 (Pa. Super. 2000)).

Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Davis v. Resources for Human Development Inc.,* 770 A.2d 353 (Pa. Super. 2001).

If there are no material issues of fact in dispute or if the non-moving party has failed to state a prima facie case, summary judgment may be granted. *Dudley v. USX Corporation,* 414 Pa. Super. 160, 606 A.2d 916 (1992), *allocatur denied,* 532 Pa. 663, 616 A.2d 985 (1992). Thus, a proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense. *Rauch v. Mike-Mayer,* 783 A.2d 815 (Pa. Super. 2001), *allocatur denied,* 568 Pa. 624, 793 A.2d 909 (2002).

The trial court must confine its inquiry when confronted with a motion for summary judgment to the question of whether or not a material factual dispute exists. *Township of Bensalem v. Moore,* 152 Pa. Commw. 540, 620 A.2d 76 (1993). For summary judgment purposes, a material fact is one that directly affects the outcome of the case. *Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662 (Pa. Super. 2000). "Thus, the overall purpose of a motion for summary judgment is to dispose of those cases in which there exists no factual issue to be decided at trial." *Harris by Harris v. Hanberry,* 149 Pa. Commw. 300, 302, 613 A.2d 101, 102 (1992).

In their motion, Crown argues that plaintiffs have not met their burden to show that Crown owed a duty to plaintiff and/or breached said duty in regard to the existence of ice as a result of the downspout runoff, as such was an artificial condition which was not created by Crown, nor was Crown put on notice of such a condition.

"The duty of a possessor of land toward a third party entering the land depends upon whether the entrant is a

trespasser, licensee, or invitee." *Updyke v. BP Oil Co.,* 717 A.2d 546, 549 (Pa. Super. 1998).

It is clear that plaintiff in the case at bar was not a trespasser, as defined by the Restatement (Second) of Torts, "a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise." Restatement (Second) of Torts 329.

Plaintiff would more correctly fall into one of the latter two categories. "A licensee is a person who is privileged to enter or remain on the land only by virtue of the possessor's consent." Restatement (Second) of Torts 330. "A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public." Restatement (Second) of Torts 332.

In either case, the possessor of land only owes a duty to the third party entering the land if, and only if, the possessor had notice of the dangerous condition.[1] The knowledge or notice of a defect or danger which is nec-

---

1. "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but *only if,* (a) *the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger . . . ." Sharp v. Luksa,* 440 Pa. 125, 129, 269 A.2d 659, 661 (1970) (emphasis in original), citing Restatement (Second) of Torts 342.

"A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them." *Martino v. Great Atlantic & Pacific Tea Company,* 419 Pa. 229, 233, 213 A.2d 608, 610 (1965), citing Restatement (Second) of Torts 343.

essary in order to impose liability for negligence need not be actual, but can be established constructively.

"A person is charged with having constructive notice when he has knowledge of facts putting him upon inquiry. Once the *duty* to inquire is raised, the party is deemed to have such knowledge as he would have acquired by the exercise of ordinary intelligence and understanding." *Felton by Felton v. Spratley,* 433 Pa. Super. 474, 483, 640 A.2d 1358, 1362 (1994). (emphasis in original)

The question whether a landowner had constructive notice of a dangerous condition and thus should have known of the defect is a question of fact. *PennDOT v. Patton,* 546 Pa. 562, 568, 686 A.2d 1302, 1305 (1997). As such, it is a question for the jury, and may be decided by the court only when reasonable minds could not differ as to the conclusion. *Carrender v. Fitterer,* 503 Pa. 178, 185-86, 469 A.2d 120, 124 (1983). If there is any dispute created by the evidence, the court is not permitted to decide the issue. *Patton* at 568, 686 A.2d at 1305.

The question of constructive notice is a major issue in this case, and the parties cited conflicting evidence on the issue. It is not the function of the court ruling on motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Commonwealth, Pennsylvania Securities Commission,* 134 Pa. Commw. 494, 579 A.2d 1358 (1990). This is not a question to be decided by the court, but should be submitted to the jury. Therefore, Crown's motion for summary judgment is denied.

In Gower's motion, in addition to adopting the arguments of Crown, they argue that they owed no duty to

plaintiff as Gower neither owned nor possessed the premises in question. Gower then correctly cites the elements for a cause of action for negligence:

"A viable cause of action for negligence must demonstrate only four elements: (1) a duty or obligation recognized by the law that requires an actor to conform his actions to a standard of conduct for the protection of others against unreasonable risks; (2) failure on the part of the defendant to conform to that standard of conduct, *i.e.,* a breach of duty; (3) a reasonably close causal connection between the breach of duty and the injury sustained; and (4) actual loss or damages that result from the breach." *Gutteridge v. A.P. Green Services Inc.,* 804 A.2d 643, 654 (Pa. Super. 2002).

In this case, Gower's duty arises as a result of the contractual obligation for snow removal and salting of the premises owned by Crown. Gower argues that plaintiffs have not introduced any evidence to suggest that Gower was obligated to do anything other than remove the "natural" accumulation of snow and ice. However, an inspection of the contract between Crown and Gower reveals that the contract does not use the word "natural." The contract provides: "When necessary, salt or other similar and acceptable anti-skid material (cinders and like materials are not acceptable), shall be applied regardless of snow accumulation to prevent icy conditions at all entrance/exits and cruising lanes." Gower's supplemental motion for summary judgment, exhibit A. Furthermore, an amendment to the contract was completed on December 26, 2000, approximately one month before plaintiff's fall, to include in the above referenced paragraph, "Salting Of Parking Spaces Included." *Id.*

In light of the contractual obligations of Gower highlighted above, this court finds no merit to Gower's argument that there is no evidence of a duty owed by Gower. Persons expected to use the paved areas subject to the snow and ice removal contract could certainly be considered "third-party beneficiaries" who were entitled to share the benefits negotiated into the contract. Again, taking into consideration the standard for summary judgment, this court finds conflicting evidence on material facts that are at issue. Thus this court denies Gower's motion for summary judgment.

Wherefore, this court enters the following orders:

## ORDER

And now, October 21, 2004, upon consideration of the motion for summary judgment filed on behalf of defendant, Crown American Financing Partnership L.P., and Crown American Properties L.P., and upon further consideration of applicable law, and the briefs and arguments of counsel, it is hereby ordered and decreed that defendant's motion for summary judgment is denied.

## ORDER

And now, October 21, 2004, upon consideration of the motion for summary judgment filed on behalf of defendant, Thomas Gower and Charles Gower, both individually and t/d/b/a Gower Trucking, and upon further consideration of applicable law, and the briefs and arguments of counsel, it is hereby ordered and decreed that defendant's motion for summary judgment is denied.