## Daugherty v. South Union Township

C.P. of Fayette County, no. 2473 of 2003, G.D.

*Thomas E. Crenney,* for plaintiffs.
*Christian D. Marquis,* for defendant.

SOLOMON, *J.,* May 13, 2005—Before the court is a motion for reconsideration of this court's order denying the motion for summary judgment filed by the defendant, North Fayette County Municipal Authority (NFCMA). The motion for reconsideration alleges that this court erred in its determination that there exist genuine issues of material fact which preclude this court from granting summary judgment to NFCMA. After careful consideration of the record and the reasons raised in the motion, this motion for reconsideration must be denied.

## BACKGROUND

The plaintiffs' complaint arises from an incident that occurred on September 11, 2002, at the intersection of Marie Alley and Redstone Furnace Road in South Union Township, Fayette County. While exiting a school bus, Janet Daugherty, then a minor (minor-plaintiff), stepped into a depression in the roadway, tripped and fell, breaking her right fibula and left tibia, and tearing or spraining her medial and lateral deltoid ligaments.

The minor-plaintiff, by and through her mother, Carol Daugherty (plaintiff), and the plaintiff, in her own right, subsequently filed this lawsuit against several defendants, alleging four counts of negligence, two of which are leveled against NFCMA. In the complaint, the plaintiffs allege that one or more of the municipal defendants owned and/or serviced the roadway located at the intersection of Marie Alley and Redstone Furnace Road, and that one or more of the municipal defendants owned and/or serviced the utility cover which is at the bottom of the depression where the minor-plaintiff fell. The plaintiffs also claim that the section of roadway surrounding the utility cover was, and had been for some time, in a state of disrepair, a condition that caused a defective and dangerous condition to exist. The plaintiffs contend that they have suffered significant economic and noneconomic losses due to minor-plaintiff's injuries.

NFCMA filed a motion for summary judgment, arguing that there existed no genuine issues of material fact as to its liability and, therefore, it was entitled to judgment as a matter of law. This court denied that motion, finding from the record that there existed a genuine issue of material fact with regards to whether NFCMA had, or should have had, notice of the depressions surrounding the utility cover. NFCMA then filed this motion to reconsider.

## DISCUSSION

We fully discussed the applicable rules of law in our previous opinion. However, to quickly review, summary judgment may only be granted when there are no genu-

ine issues of material fact. Upon examining the record, the court must find that reasonable minds could not differ on the outcome and, therefore, the moving party is entitled to judgment as a matter of law. To overcome this burden, the non-moving party need not prove its case, but it must present evidence sufficient to show a prime facie case, *i.e.,* evidence that shows that it may be able to prove all of the necessary elements. In determining whether the moving party is entitled to summary judgment, we must view the record in the light most favorable to the non-moving party and we may not judge the credibility of witnesses or their testimony.

NFCMA argues that the plaintiffs failed to prove the notice element of their negligence claim and that, therefore, this court erred in finding that there was a genuine issue of material fact with respect to notice. NFCMA appears to be particularly troubled by our statement that

". . . NFCMA testified that it was never notified of a hole, nor was it notified of any paving project for which it was supposed to provide risers. However, NFCMA also testified that it does not keep records of notifications if, and when, it receives them. Thus, under such circumstances, NFCMA, as a moving party, has not demonstrated that it is entitled to judgment as a matter of law." Opinion at pp. 12-13.

As the entire opinion reflects, however, we did not rely solely on NFCMA's testimony in making the determination that there is a genuine issue of material fact with respect to the issue of notice.

The applicable statute requires that the municipal authority have actual or constructive notice of the danger-

ous condition upon which the complaint is based. While we did not feel it necessary to cite to every instance in the record that casts doubt upon whether NFCMA had, or should have had, notice of the depression surrounding its utility cover, in the interest of clarity, we will correct that assumption now.

The minor-plaintiff testified that the holes had been there for at least six years and that "everyone that lived there" knew about the holes, though she did not know if anyone ever complained about them. Dep. of Janet F. Daugherty, 6/1/04 at 23, 37, 69.

Thomas Frankhouser, a South Union Township supervisor, testified about the procedures that the township follows when performing road maintenance. Once the township has completed a list of roads to be serviced that year, the township provides that list to the various utility companies and asks them to perform any needed maintenance before the paving begins. Dep. of Thomas L. Frankhouser, 5/21/04 at 11-17. Except for the list provided to the utilities at the beginning of the construction season, the township provides no other notice or requests for risers to the utilities. *Id.* at 11-17. Instead, it then becomes the responsibility of the paving contractors to contact the utilities to obtain risers. *Id.* at 11-17. The responsibility then falls to the utility company to either install the risers or provide them to the contractors. *Id.* at 65-67. If the township noticed a problem with a valve box, or received a complaint about a valve box, they would contact the utility company to address the problem. *Id.* at 20-21. In the two years previous to the minor-plaintiff's accident, there had been

complaints that an area of Redstone Furnace Road near the location of the valve boxes at issue was caving in. *Id.* at 69. Frankhouser notified PennDOT about that problem. *Id.*

Robert Softcheck, NFCMA's general manager, testified that the water authority provides risers to the paving contractors when they are notified either by the contractor or the township as to where paving will occur. Dep. of Robert S. Softcheck, 5/21/04 at 8-13. NFCMA does not have a regular maintenance or inspection program to determine whether a valve box has problems. *Id.* at 13-14, 43. There is also no regular system of documenting complaints which NFCMA may receive regarding the valve boxes. *Id.* at 18-19. NFCMA received notice of paving subsequent to September 11, 2002, *id.* at 31, and risers were distributed to PennDOT or PennDOT's contractor for the paving that occurred after that date. *Id.* at 42-43. NFCMA also does not keep records of riser distribution. *Id.* at 42-43.

In their response to the defendant's motion for reconsideration, the plaintiffs also submitted the deposition of James Johnson, the PennDOT highway foreman overseeing the roads at issue. We did not consider his testimony in our original opinion, but, as it is now part of the record, we will consider it for the purposes of this motion. Johnson testified that it is the paving contractor's responsibility to contact the utility companies and to obtain risers for any valve boxes. Dep. of James Johnson, 2/3/05 at 15-16. Upon being shown a picture of the valves at question, he felt that the top valve box needed a riser. *Id.*

The Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq., under which NFCMA claims immunity,[1] requires that, in order to recover, the plaintiffs must show a dangerous condition of which NFCMA had notice or should have had notice. We agree with NFCMA that the plaintiffs have not yet shown that NFCMA had actual notice. However, the question of whether a landowner had constructive notice of a dangerous condition and, thus, should have known of the defect—*i.e.,* the defect was apparent upon reasonable inspection—is a question of fact. *PennDOT v. Patton,* 546 Pa. 562, 686 A.2d 1302 (1997). "As such, it is a question for the jury, and may be decided by the court only when reasonable minds could not differ as to the conclusion." *Id.* at 568, 686 A.2d at 1305 (citing *Carrender v. Fitterer,* 503 Pa. 178, 185, 469 A.2d 120, 124 (1983)). If the evidence reveals any dispute, the court is not permitted to decide the issue. *Id.* A court may not substitute its judgment for that of the jury on an issue of fact as "such a determination is solely within the province of the jury which had the exclusive opportunity to weigh the expert and lay testimony, observe the witnesses, and to form opinions on credibility." *Id.* (citing *Melzer v. Witsberger,* 505 Pa. 462, 476 n.9, 480 A.2d 991, 998 n.9 (1984)). Additionally, the question of what is or is not a dangerous condition must be considered by a jury. *Starr v. Veneziano,* 560 Pa. 650, 747 A.2d 867 (2000) (citing *McCalla v. Mura,* 538 Pa. 527, 649 A.2d 646 (1994)).

---

1. The immunity claim is more fully explored in our original opinion on the motion of NFCMA for summary judgment.

Given the above, reasonable minds could differ on whether NFCMA had, or should have had, notice. The holes had apparently been there for some time and NFCMA had no regular maintenance or inspection program. Further, NFCMA does not keep any record of complaints. A complaint about a drain near the valve boxes caving in was received by the township and passed on to PennDOT. Both PennDOT and the township testified that if they received a complaint about, or noticed a problem with, a valve box, they would notify the utility company, informally and without documentation, because it is the utility company's responsibility to maintain the valve boxes. PennDOT's highway foreman opined, based solely on a picture, that at least one of the valve boxes needed a riser. Further, the township testified that it notifies the utilities every year as to the roads they intend to service and requests that they perform any needed maintenance before the onset of paving.

This testimony raises sufficient issues of material fact such that reasonable minds could differ as to the conclusion. Additionally, NFCMA has presented little, if any, evidence refuting the plaintiffs' averment that the holes present a dangerous condition. Given the evidence, and the rules of law by which this court must abide, NFCMA is not entitled to summary judgment.

Wherefore, we shall enter the following order.

## ORDER

And now, May 13, 2005, upon the record, it is hereby ordered and decreed that the motion of defendant North Fayette County Municipal Authority for reconsideration is denied.