**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3082
_____

MARINA LIVSHITZ; MIKHAIL LIVSHITZ, W/H,
                                        Appellants
v.

DESIGNER BRANDS, INC; DSW, INC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-03355)
District Judge: Hon. John F. Murphy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 3, 2024
_____

Before: SHWARTZ, MATEY, and McKEE, *Circuit Judges*.

(Filed: January 13, 2025)
_____

OPINION*
_____

---

*This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Marina Livshitz went shopping at a shoe store where she alleges that she slipped and fell on a clear and odorless substance on the restroom floor. She sued Designer Shoe Warehouse and its parent company, Designer Brands, Inc. (collectively, "DSW"), for negligence in Pennsylvania's Court of Common Pleas of Philadelphia County.[1] DSW removed the case and the District Court granted DSW's motion for summary judgment because Livshitz failed to identify evidence that DSW had constructive notice of the substance allegedly on the restroom floor.[2] We see no error in that decision.

Premises liability under Pennsylvania law[3] requires evidence that the defendant "had a hand in creating the harmful condition" or "had actual or constructive notice of such condition." *Est. of Swift v. Ne. Hosp. of Phila.*, 690 A.2d 719, 722 (Pa. Super. Ct. 1997). A business has "constructive notice of a dangerous condition" when it "should have known" of the condition because it was "apparent upon reasonable inspection."

---

[1] Livshitz's husband also sued for loss of consortium. The District Court did not rule on Mr. Livshitz's claim, and the parties later stipulated to the final judgment. No party addresses the loss of consortium claim on appeal, so we will decline to address it as well. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 145–46 (3d Cir. 2017).

[2] The District Court had jurisdiction under 28 U.S.C. § 1332 and we have jurisdiction under 28 U.S.C. § 1291. Summary judgment is appropriate only if "'there is no genuine dispute as to any material fact' and, viewing the facts in the light most favorable to [Livshitz], [DSW] 'is entitled to judgment as a matter of law.'" *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 770 (3d Cir. 2018) (quoting Fed. R. Civ. P. 56(a)).

[3] The parties agree that Pennsylvania law governs this case. *See SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 204 (3d Cir. 2022).

*Commonwealth, Dep't of Transp. v. Patton*, 686 A.2d 1302, 1305 (Pa. 1997).[4] Livshitz

argues that summary judgment was improper because there is a disputed question of

material fact as to whether DSW acted reasonably when it failed to discover the allegedly

dangerous condition on the floor. But even if such a question of fact exists, it is not

material.

"A disputed fact is 'material' if it would affect the outcome of the suit as

determined by the substantive law." *Doe v. Luzerne Cnty.*, 660 F.3d 169, 175 (3d Cir.

2011) (quoting *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992)).

Here, the dispute over whether DSW exercised reasonable care is not material because

Livshitz failed to identify evidence that DSW had a duty to protect her from the alleged

hazard in the restroom. *See Neve v. Insalaco's*, 771 A.2d 786, 790–91 (Pa. Super. Ct.

2001).[5] In other words, because Livshitz failed to produce or identify evidence that "the

dangerous condition [was] apparent upon reasonable inspection," *Gurnari v. Luzerne

Cnty. Hous. Auth.*, 911 A.2d 236, 239 (Pa. Commw. Ct. 2006), the care that DSW

exercised to discover it is irrelevant.[6] *See McDevitt v. Terminal Warehouse Co.*, 450 A.2d

---

[4] *See David v. Pueblo Supermarket of St. Thomas*, 740 F.2d 230, 233–34 (3d Cir. 1984) ("Slip and fall cases involving foreign substances on . . . floors . . . present the plaintiffs with a difficult task of proof.").

[5] *See also Craig v. Franklin Mills Assocs., L.P.*, 555 F. Supp. 2d 547, 550 (E.D. Pa. 2008) ("The duration of the hazard is important because if a hazard only existed for a very short period of time before causing any injury, then the possessor of the land, even 'by the exercise of reasonable care,' would not discover the hazard, and thus would owe no duty to protect invitees from such a hazard." (quoting Restatement (Second) of Torts § 343 (1965))).

[6] Livshitz argues that a plaintiff can defeat summary judgment without evidence supporting constructive notice, but the "requirement of notice is well established in the common law" of Pennsylvania. *Patton*, 686 A.2d at 1305. Livshitz relies on *Rodriguez v.*

3

991, 999 n.6 (Pa. Super. Ct. 1982) ("Actual or constructive notice of a defect is a prerequisite to holding a possessor of land liable for bodily injury sustained by a business invitee.").[7]

\* \* \*

For these reasons, we will affirm the District Court's order granting summary judgment for DSW.

---

*Kravco Simon Co.*, which relied on the Restatement (Second) of Torts to deny summary judgment notwithstanding a lack of evidence of constructive notice. 111 A.3d 1191, 1196–97 (Pa. Super. Ct. 2015) (citing Restatement (Second) of Torts § 343 cmt. b (1965)). But the Pennsylvania Supreme Court has cautioned that "if any relevant section of the Restatement (Second) of Torts does not incorporate the requirement" of notice, it "will interpret it as requiring notice, if possible." *Patton*, 686 A.2d at 1305. And when such an interpretation is not possible, Pennsylvania courts must "conclude that" the Restatement provision "does not comport with Pennsylvania law." *Id.*

[7] Livshitz also argues that the District Court "should have inferred spoliation" and denied Defendants' motion for summary judgment because DSW "failed to produce copies of . . . cleaning checklists" and "failed to preserve and produce any video surveillance footage from the shoe store." Opening Br. at 17, 19. But Livshitz's spoliation argument fails to create an issue of material fact because, even assuming the purportedly spoliated evidence had been produced, a jury could only speculate as to how long the substance might have been on the restroom floor. That is not permissible under Pennsylvania law. *See Lanni v. Pennsylvania R.R. Co.*, 88 A.2d 887, 889 (Pa. 1952).

4