Rogers *v.* Max Azen, Inc., Appellant.

Argued October 31, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Francis A. Wolf,* with him *Leo A. Nunnink,* for appellant.

*Jason Richardson,* with him *Oliver K. Eaton* and *Vincent R. Smith,* for appellee.

Opinion by Mr. Justice Patterson, December 2, 1940:

Sarah Rogers, appellee, instituted an action in trespass to recover damages for personal injuries allegedly sustained by her as the result of a fall while she was a customer in a fur store owned and operated by Max Azen, Inc., appellant, in the City of Pittsburgh. A trial before the court below and a jury resulted in a verdict for appellee in the sum of $3,250. Appellant's motion for judgment n. o. v. having been refused by the court below, it appeals, contending that no actionable negligence was shown and, further, that appellee's own testimony convicted her of contributory negligence as a matter of law.

In the afternoon of February 22, 1937, appellee went to appellant's store for the purpose of purchasing a coat. At the store entrance, she was directed by a clerk to take the stairway to the second floor of the establishment and "to turn to the right" at the top of the stairs, which she proceeded to do. As appellee turned right at the head of the stairway, which entered the second floor salesroom through a rectangular opening in the floor, guarded on three sides by an ornamental protective banister, she stumbled or tripped, as she testified, over the end of a half-inch high base or shoe by means of which the banister was anchored to the floor and upon which it rested. The banister consisted of a continuous and unbroken metal handrail, which, supported by ornamental work, had its inception at the foot of the stairway, on the left or open side, as one ascended; it was carried up the stairway, along the left side, to the top step, and thence around the opening in the second floor to the right side of the top step, where it was terminated with a gradual curve outward, several inches beyond the edge of the top step, in the aforementioned base or shoe. Thus tripping or stumbling, appellee fell, injuring the knee of her left leg. These are the controlling facts as

330

established by appellee's testimony, and they are not in dispute.

It is contended that a proper and safe construction of the protective railing required that it be terminated in a newel post or standard in the nature thereof such as would guide persons using the stairway around and away from the protruding base, and that permitting the base to extend beyond the edge of the top step without such post or standard constituted, per se, a negligent or dangerous construction. With this contention we do not agree. The general rule is that one who holds his premises open for the reception of business visitors owes them a duty to have the premises in a reasonably safe condition, so that they will not be unnecessarily or unreasonably exposed to danger, and to give adequate warning of any failure to maintain them in that condition: *Vetter v. Great A. & P. Tea Co.*, 322 Pa. 449, 454; *Nettis v. Gen. Tire Co.*, 317 Pa. 204, 209; *Robb v. Niles-Bement-Pond Co.*, 269 Pa. 298, 300. But, such persons are not insurers of their invitees while on the premises: *Hellriegel v. Kaufmann & Baer Co.*, 337 Pa. 149, 154; *Haddon v. Snellenburg*, 293 Pa. 333, 337. And, ordinarily, no liability attaches for injuries from alleged dangers or defects which were obvious or known to the person injured, for, all that the law requires is that the premises be so constructed and maintained that they can be used without danger by persons using ordinary care for their own safety: *Wessner v. Blue Ridge Trans. Co.*, 338 Pa. 161, 162; *Twersky v. Penna. R. R. Co.*, 261 Pa. 6, 10; *Graham v. Penna. Co.*, 139 Pa. 149, 162. As the court below pointed out, "there is no question of lighting facilities in the record before us or of any concealed or latent defect." Should it be conceded, however, that the construction of the railing was such that it could with propriety be regarded as involving an unreasonable risk of harm to appellant's invitees, we would nevertheless be required to hold that no issue for the jury was presented, for the reason that appellee's own testimony

plainly shows that negligence on her part contributed to such an extent in bringing about the injury of which she complains as to bar recovery by her therefor as a matter of law.

Appellee testified as follows: "You say now after you fell where a moment ago you said you saw that as you were walking up the stairway and reached the second floor, you saw that base protruding out there? A. The base was there and I saw it after they picked me up because I wanted to see what I fell on. Q. Do I understand you to say you didn't see it before you fell? A. Yes, sir, I didn't see it before I fell. Q. You didn't look, did you, Mrs. Rogers? A. No. Q. And that portion of the banister railing at the base on which you put your foot was plainly visible, wasn't it? A. What do you mean? Q. You could see it? It was plainly visible to the eye of anybody, including yourself? A. Surely I could see it. . . . Q. But you didn't look for it or at it or at that portion of the floor until after you had fallen? A. No, sir. Q. That is correct? A. That is right." Disclosing, as it does, thoughtless inattention to her surroundings and a complete failure to be duly observant of where she was stepping, this testimony leaves no room for speculation as to the sole cause of appellee's injuries. It brings the case within the rule that where one is injured as the result of a failure on his part to observe and avoid an obvious condition which ordinary care for his own safety would have disclosed, he will not be heard to complain. See *Ziegler v. W. U. Telegraph Co.*, 319 Pa. 274; *Bilger v. Great A. & P. T. Co.*, 316 Pa. 540. The case is indistinguishable, in its legal aspects, from the situations recently considered in *Hellreigel v. Kaufmann & Baer Co.* and *Wessner v. Blue Ridge Trans. Co.*, both supra; *Mammana v. Easton Nat. Bank*, 338 Pa. 225, and *Burckhalter v. F. W. Woolworth Co.*, 340 Pa. 300, in all of which we held there could be no recovery as a matter of law.

It is true that a less degree of attention in the placement of the feet is required of customers in stores who "walk along the aisles where goods are displayed upon every hand for the very purpose of catching the eye and attracting the attention of those who use the passageways," than is required of pedestrians on sidewalks, and that the contributory negligence of a person falling over obstacles under such circumstances is usually for the jury: *Bloomer v. Snellenburg,* 221 Pa. 25, 27; *Polenske v. Lit Bros.,* 18 Pa. Superior Ct. 474, 476. This is, however, clearly not such a case, and appellee does not so contend. Where, as here, the attention of the customer is not so challenged and diverted, the mere fact that the injury was sustained in a store does not remove the case from operation of the general rule ordinarily applicable to business invitees as well as to pedestrians on sidewalks. See *Bilger v. Great A. & P. Tea Co.,* supra, 543; *Walker v. Stern,* 132 Pa. Superior Ct. 343, 347.

Judgment reversed and judgment here entered for appellant.