The facts are stated in the opinion by EAGEN, J., of the court below, in part, as follows:
This is an action in trespass which by agreement was tried before EAGEN, J., without a jury. The Court makes the following findings of fact:
1. The defendant corporation is in the retail food business and for that purpose owns, maintains and operates a self-service store or market, at 901 Pittston Avenue, Scranton, Penna., to which during business hours the general public is invited.
2. That on March 29th, 1941, at or about the hour of 6:30 p. m., the plaintiff, Elsie J. Boock, entered said *Page 502 
store through a front entrance thereof for the purpose of purchasing certain articles therein.
3. The plaintiff had been in the store before the accident several times, on an average of three or four times a week for a period of three or four years and knew the general layout of the store.
4. That inside the store on the right side of the entrance through which the plaintiff entered is maintained an open space or passageway which is usually closed by the means of two chains which bar said gate or passageway from use by the public. This passageway was not for the public entrance or exit but is used to convey boxes and general freight into the store.
5. That at the time the plaintiff entered said store the upper chain was not in place but the lower chain was hung across the passageway between two uprights and its heighth at the highest point from the floor was eighteen inches and said chain was a rusty brown in color.
6. That at the time the plaintiff entered the store all of the artificial lights therein were illuminated and it was twilight outside.
7. That upon entering the store the plaintiff turned to the right to enter the store proper through the passageway above described and tripped over the bottom chain and was thrown to the floor and received serious injuries.
8. That at the time she entered said passageway, the plaintiff was not looking at the floor or where she was going but had her attention and eyes fixed on a fruit stand or counter, which was several feet away from where the chain was located.
9. The plaintiff was guilty of contributory negligence.
 Discussion
The court is convinced that the plaintiff was guilty of contributory evidence in not seeing the barrier or chain over which she fell. Her testimony indicates that she was fully aware of the general lay-out of the store. *Page 503 
She knew well the routine of having the customers enter through certain turnstiles and leave through other exits at which their purchases could be checked. She was also familiar with the fact that certain passageways were chained and barred from use by the public. On this occasion she very honestly admits she was not looking where she was going but had her attention fixed on a fruit counter many feet away. While we realize that the same degree of attention and care is not expected of customers traveling through aisles of stores where goods are displayed upon every hand (Bloomer v. Snellenburg, 221 Pa. 25), still we feel this case presents a different situation. True the plaintiff had already gained entrance to the store and counters were ahead displaying wares for sale but she had not entered the store properly. She knew that markets of this nature must necessarily have entrances and exits from the portion of the store where the goods are displayed. Notwithstanding this knowledge in going through the particular passageway she neglected to watch where she was going. A person may not recover for injuries which are received as a result of a failure on his part to observe and avoid an obvious condition which ordinary care for his own safety would have disclosed. (Rogers v. Azen, 340 Pa. 328). The mere fact that the accident happened in a store does not remove the case from the operation of the general rule. As pointed out in Bilger v. The Great A. P. Stores Tea Company, 316 Pa. 540, the rule requiring less attention on the part of customers in stores must be limited to aisles and passageways where goods are displayed. The rule has not been extended. In attempting to justify her failure to see the chain it is contended that the shadows plus the color of the chain and the floor prevented her from seeing it. However she did not look and her failure to do so is the obvious reason why she did not see it. We, therefore, conclude that the plaintiff was guilty of contributory negligence as a matter of fact and as a matter of law. *Page 504 
Judgment entered for defendant. Plaintiff appealed.
The judgment of the court below is affirmed on the opinion of that court.