Bream *v.* Berger, Appellant.

Argued January 8, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

 reargument refused April 24, 1957.

J. M. Marsh, with him Charles L. Ford, for appellant.

Thomas A. Masterson, with him Donald S. Waters, for appellee.

OPINION BY MR. JUSTICE BELL, March 25, 1957:

Plaintiff brought an action in trespass to recover damages for personal injuries against the owner and tenant of a store at 277 South 11th Street, Philadelphia. She intended to have a skirt dry cleaned. She had the skirt and her pocketbook in her left hand; she went to the store, which she had been in half a dozen times before, between 7:30 and 8:00 o'clock on the morning of August 3, 1953. The entrance to the store is recessed between display windows on either side. There is an 8¾″ step up onto the doorstep which leads into the store. The platform is 46″ wide and from its outer edge to the door is 35¾″. The door consists of a frame door which opens into the store and a screen door which opens out toward the street. Plaintiff stepped up onto the doorstep and reached for the screen door which she said was closed; she believes this required two steps (forward); she pulled open the

door and stepped back two steps, to allow for the sweeping arc of the screen door; on her second step backward she landed on the pavement where she fell. She does not recall where she was looking when she stepped back onto the pavement but thinks she was looking at the signs in the window. It could be inferred from plaintiff's testimony that the screen door, when it was ajar, left her very little space to stand on the doorstep without stepping back on to the sidewalk. Of course, plaintiff must be given the benefit of the evidence which is most favorable to her together with all reasonable inferences therefrom.*

For reasons unknown, defendants based their motion for judgment n.o.v. solely on the ground of plaintiff's contributory negligence, instead of on the dual ground of want of negligence by defendants and contributory negligence by plaintiff. We shall, therefore, limit this opinion to the question of contributory negligence.

We are convinced that plaintiff was guilty of contributory negligence as a matter of law: *Druding v. Philadelphia,* 374 Pa. 202, 97 A. 2d 365; *Bartek v. Grossman,* 356 Pa. 522, 52 A. 2d 209; *Bailey v. Alexander Realty Co.,* 342 Pa. 362, 20 A. 2d 754.

In *Druding v. Philadelphia,* 374 Pa., supra, the Court said (pages 204-205): "Plaintiff was an invitee at the swimming pool and the City owed him the duty of reasonable care. However, as Mr. Justice JONES said in McCreery v. Westmoreland Farm Bureau, 357 Pa. 567, 570, 55 A. 2d 399: 'There is no duty,

---

* Defendants produced three witnesses who testified that plaintiff had been to the store many times before; that the screen door was tied open against the display window when plaintiff fell, and that when asked what happened she said "Clumsy me, just missed the step". Of course, this evidence cannot be considered on this appeal.

however, upon the possessor of land to warn or guard a business invitee against a danger that is obvious.'

" 'No person is required to take extraordinary precautions to save adults in apparent possession of their reasoning faculties from the consequences of their own inattentiveness and carelessness . . . "Everyone has a right to proceed upon the assumption that those to whom he owes a duty of care are normal in every respect and prepared on their part to exercise the care of prudent persons generally" ': Jefferson v. Y.M.C.A., 354 Pa. 563, 567, 47 A. 2d 653.

. . .

" 'What this court stated in Bailey v. Alexander Realty Co., 342 Pa. 362, 20 A. 2d 754, applies to the instant case: ". . . When an individual can assure his own safety by the use of his senses, he must do so or abide the consequences of his carelessness . . . The duty of availing oneself of one's senses, for self-protection can seldom be breached with physical impunity and never with legal sanction . . ."

" 'A person may not recover for injuries which are received as a result of a failure on his part to observe and avoid an obvious condition which ordinary care for his own safety would have disclosed': Boock v. Acme Markets Inc., 347 Pa. 501, 503, 32 A. 2d 759; Rogers v. Max Azen, Inc., 340 Pa. 328, 16 A. 2d 529."

The well established rule that a victim cannot recover damages for injuries sustained by him if he could have avoided the injury by the exercise of ordinary care bars this plaintiff's recovery.

This is not the case of a hidden danger, or of a danger that was obscured by another pedestrian, or by a worn or slippery or defective doorstep; this regrettable accident was caused by plaintiff's thoughtlessness, carelessness or inattention. An adult who is able to walk does not have to take dancing lessons to

be able to take two steps forward and two steps backward, even though one of the steps involves stepping up onto or down from an 8″ elevation. If plaintiff could succeed in this case, a great many business people throughout Philadelphia (and Pennsylvania) would have to remodel their entrances and abolish display windows. It is, we believe, crystal clear that plaintiff could have avoided the accident by the exercise of ordinary care and a reasonable use of the senses which every normal person possesses. If she had used her senses and exercised reasonable care the accident could not possibly have happened.*

The Judgment is reversed and is here entered non obstante veredicto in favor of Benjamin Berger, Individually and Trading as Berger Cleaners, and Brith Achim Beneficial Association, a Corporation.

———

Dissenting Opinion by Mr. Justice Musmanno:

Benjamin Berger maintains on South 11th Street in Philadelphia a tailor and dry cleaning shop, the entrance door to which, recessed between two display windows, is gained by mounting a landing 8¾ inches above the sidewalk and advancing two steps. The depth of this landing or platform, from the threshold of the door to its outer edge overlooking the sidewalk, measures only 35¾ inches, so that, in order to open the door wide enough to permit one's entry into the

———

* Plaintiff attempts to excuse her failure to look where she was going or consider what she was doing because she was looking at the display window. This case is clearly distinguishable on its facts from *Johnson v. Rulon*, 363 Pa. 585, 70 A. 2d 325. Plaintiff's looking at the display window would not be a sufficient legal reason to excuse her failure to use reasonable care in the simple act of stepping back from a doorstep onto the pavement.

shop, the visitor must withdraw two paces and descend to the sidewalk. With the door then opened, he remounts the platform and passes into the interior of the shop.

On the morning of August 3, 1953, Miss Margaret A. Bream, plaintiff in this case, visited the shop for the purpose of having a skirt cleaned. The garment and her purse hung from her left arm, as, with her right hand, she grasped the handle of the screen door and pulled it open. Doing this, she stepped back and fell off the platform to the sidewalk, sustaining serious injuries. She sued the shop owner and the landlord, and recovered a verdict of $5500, which this Court has reversed on the ground that she was guilty of contributory negligence as a matter of law.

The defendants admit negligence in the construction and maintenance of the entrance way, but they insist that if the plaintiff had exercised proper care she would not have been injured despite the perilous condition which they permitted. In this contention, the defendants ignore, as indeed so does the majority of this Court, that there are acts and stated conditions which can be regarded as negligent only if they *exclude* contributory negligence. There would be nothing negligent about the defendants' platform except that one might fall off it in opening the door in a perfectly normal fashion. In opening a door, nothing can be more natural and normal than that the pedestrian will open it wide enough for him to enter, and in that moment it would not be unusual for him to overlook or forget the step behind him.

This is not a case where the negligent act or condition which precipitates the injury is one which the injured person can ignore. This is not the case where the pedestrian goes where he has no right to be at all. For instance people do not need to step into holes in

sidewalks, they are not required to put foot on damaged steps, they are under no compulsion to walk across icy pavements. But here the plaintiff was compelled to open the door. The store owners obliged her to open the door in order that they might sell her something, and they obliged her also to step back in getting her into the store. Under those circumstances they had the duty to see to it that when she stepped back she did not step over a drop in the level of the standing platform. Charging the plaintiff with contributory negligence as a matter of law in this case is transferring the responsibility of the store proprietor to the store's customer. It was up to the proprietor to remove the hazard at his doorstep. This could have been done easily by extending the platform 10 inches, or, failing to do that, he should have erected a sign warning customers of the danger involved in stepping back.

The test in these cases is not what one specific person does, but what the average person would do, and unless this Court concludes that it is inconceivable that the average person, using due care, would in a hurried moment overlook the step he had just mounted, it may not legally convict the plaintiff of contributory negligence.

The defendants argue that the plaintiff knew that she had climbed a step, and therefore had to know that she would have to descend a step, but it is not established that she knew that when she drew back the door, the execution of the arc in the opening process would take her beyond the edge of the platform. She did not approach the door with a measuring tape. She did what the vast majority of the people would have done. She opened the door and expected to go into the store, not to find herself, through the simplest act in the world, lying on the sidewalk with a fractured leg.

The law applies itself to situations according to the standards of the average individual of ordinary circumspection, not to the exaggerated caution of a Caspar Milquetoast. Whether the plaintiff should have acted differently from what she did is a question for the jury which is peculiarly equipped to cope with such a question. The learned and able Judge WATERS, who tried the case and sustained the verdict, sententiously said in his excellent opinion refusing judgment n.o.v.: "The jury, representing the understanding, experience and conscience of the community, alone had the responsibility for translating and applying the meaning of the law to the nuances of the events. We are of the firm opinion that the jury alone had the right to decide what recollections or degree of consciousness were required of the plaintiff. The concept of 'the reasonable man' cannot be distorted away from the reality of human actions."

On either side of the entrance way the defendant Berger displayed signs in the windows, drawing attention to certain bargains he was offering his patrons. These signs naturally competed for the plaintiff's attention against her recollection of the step she had just mounted or the few inches of flooring she had just traversed. The distraction which signs achieve has been recognized by this Court, under certain circumstances, as of sufficient importance to efface the concept of contributory negligence which might otherwise intervene. In the case of *Johnson v. Rulon,* **363 Pa.** 585, the plaintiff was injured in a restaurant by falling into an open trap door which escaped his attention at the crucial moment because he was looking at signs advertising menus for the day. This Court rejected the charge of legal contributory negligence which was advanced by the defendant restaurant owner, and said: "The food signs placed by the proprietor on the wall

back of the lunch counter for the relevant and timely information of entering customers caught his attention. His glancing up to read them as he walked along the counter, before turning left, cannot arbitrarily be said to have been unwarranted . . . If, however, by looking up at the signs rather than at the floor, he was, at the time, not using the caution expected of a reasonably prudent person in such circumstances, the question presented was one of fact *for the jury* and not of law for the court . . . This is not a case of the plaintiff's not having been able to see where he was going but, rather, of his not having seen what lay before him because of the temporary diversion of his sight by the owner of the business who, he had a right to assume, had provided safe attendant conditions."*

The Majority overlooks, in its opinion in this case, one of the most salient features of life which enter into every event worthy of observation and recording, namely, human reaction and human reflexes. Habit is stronger than memory and, unless memory is reinforced by concentration and resolution, habit will usually carry the day. Repetitive routine will smother any momentary spark of fleeting recollection, unless it is kept burning with mental resolution unaffected by other distractions. After one has opened 5,000 or 10,000 doors in his life without once having had to step back and down to a lower level in order to get it fully open, it is not unnatural for him to overlook that in this one instance he must do just that. In the case of *Greene v. Harris*, R.I. 5, 17, Judge POTTER, writing for the Supreme Court of Rhode Island, sagely said: "*Human nature constitutes a part of the evidence in every case.* We more easily believe that a person has done what we should have expected under the circumstances;

---

* Italics throughout, mine.

and we require a greater degree of evidence to satisfy us that a person has done something which would be unnatural or improbable."

In the case of *Neel v. Mannings*, 19 California 2nd 647, the plaintiff was ascending a stairway in the defendant's restaurant. When she reached the fourth or fifth step she moved to the left to permit several descending persons to pass. As she did so she struck a sharp board on the edge of the ceiling bordering the stair case. The projecting board was not concealed in any way. On this basis the defendant claimed that the plaintiff was guilty of legal contributory negligence. The Supreme Court of California rejected this contention: "But even though the evidence did establish that the alleged defect in the construction of defendant's premises was patent and observable to anyone using the stairway, and that in addition plaintiff by reason of her past visits to the restaurant was familiar with the existing condition, there would still be *the question for the determination of the jury as to whether or not it was a want of ordinary care on the part of plaintiff not to have kept in mind such element of danger when stepping toward the wall rail to allow other persons descending the stairs to pass."*

I do not see much difference between moving to the side to allow other persons to pass on a stairway and moving back in order to obtain the space within which one may himself pass through a door. As the plaintiff in the California case for the moment forgot the ceiling projection and was injured, so the plaintiff in the case at bar forgot for the moment the step behind her. On this subject the California Supreme Court said: "Even forgetfulness of a known danger will not operate to prevent a recovery, for to forget is not negligence unless it shows a want of ordinary care. *Generally the question is one for the jury."*

Forgetfulness is not negligence unless it shows want of ordinary care. Who remembers or wants to remember every step he has climbed in his life? Did Miss Bream exhibit want of ordinary care when, following the moving arc of the door on its hinges, she withdrew in the only possible manner which would allow her to open the door and permit her to enter the establishment? Only a jury can answer that question. I could entertain doubts whether a judge, laden with brief cases and books and, what is even more burdensome, thoughts on cases pending before him, would remember, in that fragmentary moment that he opened the door, that this door was different from the thousands of other doors he had entered, and that he had to back up and step down before he could step up and step in.

In the case of *Girard v. Fine*, 274 N.Y. App. Div., 583, the plaintiff was injured in a situation quite similar to the one at bar. The restaurant owner there, had, in remodelling his establishment, altered the entrance way by constructing a wooden platform above the original top stone step or landing and by changing the entrance door to swing outwardly. In opening the door one brought its maximum outward arc to a point flush with the outside edge of the wooden platform. As the plaintiff in that case opened the door she stepped backward and off the platform, sustaining injuries. Although the situation was a patent one, as in the California *Neel* case, the Supreme Court (Appellate Division) of New York held that the question of negligence (and contributory negligence) was a question of fact for the jury. The Court added that it was for the jury to determine whether the entrance way as reconstructed did not constitute a "trap". The same can be said of the case at bar. The architectural layout of the entrance way here could well constitute a trap for the unwary and the unsuspicious, that is, for the general

444

population that assumes, and has the right to assume, that store owners will give them maximum security and not the minimum of protection against preventable and foreseeable mishap.

Being thoroughly aware, as they were, of the condition which they themselves caused and maintained, the defendants should not be permitted to transfer their responsibility to the victim of their irresponsibility any more than a restaurant owner, who serves a customer spoiled boiled eggs, should be permitted to escape liability for what happens to the customer by arguing that he was guilty of contributory negligence in not having smelled the shells before cracking them.