**Adams v. Anfuso**

*George Hahalis,* for plaintiff.

*William Ross,* for defendant.

GRIFO, J., September 25, 1972.—This case comes before the court on the preliminary objections of defendant, Frank Anfuso. It is argued by defendant that plaintiff, in his brief, has failed to state a cause of action in negligence.

The facts, as set forth in plaintiff's complaint, are as follows:

On June 8, 1970, Mr. Adams was upon the premises of defendant's place of business for the purpose of having his automobile repaired. While there, he was requested by defendant, or an employe of defendant, to lend assistance in the opening of a trunk of an automobile other than his own. Plaintiff was told to insert his finger into an opening of the trunk lid. Upon complying with the request, the trunk lid suddenly opened causing a laceration to plaintiff's fingers, for which he seeks recovery.

It is plaintiff's position that he, as a business invitee, was owed certain duties by defendant, among them being the duty to warn plaintiff of any dangers involved in his complying with defendant's request. This argument takes the duties owed a business invitee beyond their present recognized scope. "The general rule is that one who holds his premises open for the reception of business visitors owes them a duty to have the *premises* in a reasonably safe condition, so that they will not be unnecessarily or unreasonably exposed to danger, and to give adequate warning of any failure to maintain them in that condition . . . But, such persons are not insurers of their invitees while on the premises . . . And, ordinarily, no liability attaches for injuries from alleged dangers or defects which were *obvious* or known to the person injured, for, all that the law requires is that the *premises* be so constructed and maintained that they can be used without danger by persons using ordinary care for their own safety": Rogers v. Max Azen, Inc., 340 Pa. 328, 16 A.2d 529 (1940). (Italics supplied.)

From the facts, it appears that the danger involved should have been obvious to plaintiff, and he is, therefore, deemed to have accepted the risk of his own injury. " 'By entering freely and voluntarily into any relation or situation which presents obvious danger, the

plaintiff may be taken to accept it, and to agree that he will look out for himself, and relieve the defendant of responsibility . . . One who enters upon the premises of another, even as a business visitor, assumes the danger of all known or obvious conditions which he finds there' ": Schentzel v. Phila. National League Club, 173 Pa. Superior Ct. 179, 96 A.2d 181 (1953).

Further, " 'He who has no interest in the performance of the work which he undertakes, whether of his own volition, or at the suggestion of others engaged in the work, and merely to assist them in its performance, is a volunteer, and assumes all the risks of the employment, and cannot recover for injuries occasioned by an accident happening through the neglect of those with whom he is acting.' ": Shaffer v. St. Louis & S. F. Ry. Co., 201 Mo. App. 107, 208 S.W. 145 (1919).

Accordingly, the court enters the following

### ORDER OF THE COURT

And now, to wit, September 25, 1972, the court sustains defendant's preliminary objections with prejudice.