J-A17017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JONATHAN BROWNLEE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOME DEPOT U.S.A., INC., | : | |
| | : | |
| Appellant | : | No. 3232 EDA 2019 |

Appeal from the Judgment Entered October 7, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 180400537


BEFORE:  BOWES, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McCAFFERY, J.:                           Filed: October 22, 2020

Home Depot U.S.A., Inc. (Home Depot) appeals from the judgment[1] entered in the Philadelphia County Court of Common Pleas, following a jury trial, in favor of Jonathan Brownlee (Appellee) in this premises liability action. Home Depot raises a number of claims on appeal, challenging (1) the trial court's denial of its pretrial motion for summary judgment and motion for compulsory nonsuit, (2) the court's alleged failure to remove a juror, (3) the

_____

[1] Home Depot's notice of appeal purports to appeal from the October 2, 2019, order denying its post-trial motions.  ***See*** Notice of Appeal, 10/30/19.  This is improper.  "[A]n appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of any post-verdict motions, not from the order denying post-trial motions."  ***Johnston the Florist, Inc. v. TEDCO Const. Corp.***, 657 A.2d 511, 514 (Pa. Super. 1995) (*en banc*). Nevertheless, because judgment was subsequently entered on the docket, we may treat the notice of appeal as filed on that date.  ***See*** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").  We have corrected the caption accordingly.

court's evidentiary rulings compelling Home Depot to produce a witness and precluding certain physical evidence, (4) the court's jury instructions, and (5) the court's refusal to include the issue of factual cause on the jury verdict sheet. Because we conclude the trial court committed reversible error when it removed the issue of factual cause from the jury, we vacate the judgment, and remand for a new trial.

On April 4, 2018, Appellee filed this negligence action against Home Depot[2] seeking recovery for injuries he suffered as a result of a February 2017 slip and fall at the Home Depot store located at 4660 E. Roosevelt Boulevard in Philadelphia. Appellee alleged he "slipped and fell on a piece of wood located on the floor/aisle of . . . the premises," which caused him to suffer "severe and permanent bodily injury." Appellee's Complaint at 4.

The case proceeded through discovery. On January 30, 2019, Home Depot filed a motion for summary judgment, arguing that it was entitled to judgment as a matter of law because (1) the piece of wood Appellee slipped on was an "open and obvious condition," and (2) Appellee could not prove Home Depot had "constructive notice" the piece of wood was on the floor. Home Depot's Motion for Summary Judgment, 1/30/19, at 4, 5. The trial court denied the motion on March 14, 2019.

---

[2] Appellee named two additional defendants — Roosevelt II Associates, LP and Paramount Northeast Tower, LLC — which he alleged were the owners or lessors of the premises. Appellee's Complaint, 4/4/18, at 3-4. Both defendants, however, were dismissed from the case when the trial court granted their pretrial motion for partial summary judgment. *See* Order, 4/17/19. Thus, the trial proceeded solely against Home Depot.

A jury trial commenced on May 22, 2019, with the Honorable Abbe F. Fletman presiding. The trial court summarized the relevant facts presented during trial in its December 20, 2019, opinion:

> During [Appellee's] case in chief, he testified that he had recently started a general contracting business and went to Home Depot on February 22, 2017 to buy materials for a rehabilitation project he was working on. He testified he was looking at products and prices before he slipped and fell. At the time of the fall, he was in the lumber aisle. The store was empty of customers, and he saw three Home Depot employees standing and talking in the vicinity of the accident before he slipped and fell. He also testified that there was a lumber saw near where the accident occurred.
>
> Patrick Gallagher, a Home Depot specialty assistant store manager, admitted that Home Depot and its employees are responsible for maintaining and controlling the store premises, including the floor where the accident occurred. Mr. Gallagher further testified that Home Depot employees were trained to detect and correct slip hazards, but the ones who were in the vicinity of [Appellee's] slip and fall failed to do so. Mr. Gallagher testified that Home Depot employees routinely document inspections for slip hazards only at 10 a.m. each day, but that [Appellee's] accident occurred at 4 p.m. Mr. Gallagher corroborated [Appellee's] testimony that the accident occurred near a lumber saw, adding that he estimated that the saw was 12 to 14 feet from the site of the accident, and that only Home Depot employees were authorized to use the saw. He further testified that three Home Depot employees were in the vicinity when [Appellee] fell.
>
> During Home Depot's case in chief, Richard Levenberg, M.D., the defense's expert witness, testified that [Appellee] suffered at least some injury as a result of the accident:
>
> > Q: And I believe that you did tell this jury that [Appellee] suffered an injury in this fall, and you've qualified that as a sprain/strain, contusion?
> >
> > A: I did.

Trial Ct. Op., 12/20/19, at 1-2 (record citations omitted).

Additionally, we note that during the first day of trial, Juror No. 2 cried during Appellee's opening statement and became upset during the videotaped deposition statement of Appellee's expert witness. *See* N.T., 5/22/19, at 26, 37. On the second day of trial, counsel for Home Depot requested the court excuse Juror No. 2. N.T., 5/23/19, at 4. The trial court denied the motion at that time, but noted it was "very aware of the situation" and that Home Depot could raise the motion again if there was any further issue with the juror. *Id.* at 5. The record does not reveal any further disruptions from Juror No. 2.

On May 28, 2019, the jury returned a verdict for Appellee and against Home Depot in the amount of $510,500. Home Depot filed a timely post-trial motion on June 5th, followed by an amended motion on July 12th. The trial court conducted argument on August 28, 2019. Thereafter, on October 2nd, the court entered an order denying Home Depot's motion for post-trial relief. Judgment was entered upon praecipe of Appellee on October 7, 2019. This timely appeal followed.[3]

Home Depot raises the following issues on appeal:

A. Whether the trial court erred in denying Home Depot's motion for summary judgment[?]

B. Whether the trial court erred by allowing Juror #2 to remain on the jury panel based upon the appearance of juror bias[?]

---

[3] On October 31, 2019, the trial court ordered Home Depot to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Home Depot complied and filed a Rule 1925(b) statement on November 18th. The trial court filed an opinion on December 20th.

C.  Whether the trial court erred by failing to grant compulsory non-suit [p]ursuant to Pa.R.Civ.Pro. 230.1[?]

D.  Whether the trial court erred by requiring Home Depot to produce a witness that was not noticed by [Appellee] until late on the eve of trial[?]

E.  Whether the trial court erred in making several evidentiary rulings which prejudiced Home Depot and denied it a fair trial[?]

F.  Whether the trial court erred in charging the jury on negative inference and failing to charge the jury on factual cause and other Home Depot requested jury instructions[?]

Home Depot's Brief at 7.[4]

Home Depot addresses its first and third issues together.  It argues the trial court erred when it, first, denied Home Depot's pretrial motion for summary judgment, and, later, its motion for compulsory non-suit.  However, Home Depot does not distinguish between the two motions, but rather conflates the arguments.  Specifically, it contends it owed no duty to Appellee because the piece of wood on the floor was an open and obvious condition, and Appellee failed to prove Home Depot had constructive notice of the harmful condition.  Home Depot's Brief at 24, 29.

A motion for summary judgment and a motion for a compulsory nonsuit both require the trial court to determine if the plaintiff presented a *prima facie* case for relief.  A motion for summary judgment is made pretrial.  **See** Pa.R.C.P. 1035.2 ("After the relevant pleadings are closed, but within such

_____

[4] Because we are compelled to reverse the judgment and remand for a new trial, we need not address several of Home Depot's issues on appeal.

time as not to unreasonably delay trial, any party may move for summary judgment . . . .").

> Summary judgment is appropriate "when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The record is viewed favorably to the nonmoving party and only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

**Krepps v. Snyder**, 112 A.3d 1246, 1258 (Pa. Super. 2015) (citations omitted). We reverse an order denying summary judgment "only where it is established that the court committed an error of law or abused its discretion." **Id.**

A motion for compulsory nonsuit is made after the plaintiff has presented their case in chief. **See** Pa.R.C.P. 230.1(a)(1). "The grant of a nonsuit is proper where, having viewed all evidence in the plaintiff's favor, the [trial] court determines that the plaintiff has not established the necessary elements of his cause of action." **Oliver v. Ball**, 136 A.3d 162, 166 (Pa. Super. 2016). However, this Court has held that "where a defendant presents evidence following the denial of a motion for nonsuit, the correctness of the trial court's denial is rendered a moot issue and unappealable." **Tong-Summerford v. Abington Mem'l Hosp.**, 190 A.3d 631, 640 (Pa. Super. 2018). Accordingly, we decline to separately address Home Depot's challenge to the court's denial of its motion for nonsuit.

While the same reasoning may be applied to conclude the denial of a motion for summary judgment is moot after trial, our research has uncovered

no case law to support this contention. Rather, in **Krepps**, a panel of this Court reviewed that very claim, and concluded the trial court did not abuse its discretion when it denied the plaintiff's pretrial motion for summary judgment.[5] **See Krepps**, 112 A.3d at 1257-60. Thus, we proceed to review the record, in the light most favorable to Appellee (the non-moving party), to determine whether Home Depot was entitled to judgment as a matter of law, such that the trial court erred or abused its discretion in denying Home Depot's motion for summary judgment. **See id.** at 1258.

It is well-established that a landowner "is under an affirmative duty to protect a business visitor not only against known dangers, but also against those which might be discovered with reasonable care." **Campisi v. Acme Markets**, 915 A.2d 117, 119 (Pa. Super. 2006) (citation omitted). **See also** Restatement (Second) of Torts § 343 ("Dangerous conditions known to or discoverable by possessor"). Nevertheless, "[a] possessor of land is not liable to his invitees for physical harm caused to them by any . . . condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." **Carrender v. Fitterer**, 469 A.2d 120, 123 (Pa. 1983), *quoting* Restatement (Second) of Torts § 343A. Moreover,

---

[5] We note that a litigant should be permitted to challenge, on appeal, a trial court's denial of a pretrial motion for summary judgment even after the parties have proceed to trial and a verdict. If not, a trial court's unchecked denial of pretrial relief may result in delayed justice or a waste of judicial resources.

"the mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence." In order to recover damages in a "slip and fall" case such as this, the invitee must present evidence which proves that the store owner deviated in some way from his duty of reasonable care under the existing circumstances. This evidence must show that the proprietor knew, or in the exercise of reasonable care should have known, of the existence of the harmful condition. Section 343 also requires the invitee to prove either that the store owner helped to create the harmful condition, or that it had actual or constructive notice of the condition.

**Zito v. Merit Outlet Stores**, 647 A.2d 573, 575 (Pa. Super. 1994) (citations omitted)

Home Depot's first argument focuses on the alleged open and obvious condition of the piece of wood lying in the aisle. Home Depot's Brief at 24. Home Depot emphasizes "there were no visual obstructions surrounding the piece of wood [and it was] not concealed from view." **Id.** at 25. Furthermore, it notes that Appellee acknowledged he was not focused on the floor, but rather was looking at "products he was pricing." **Id.** at 25-26, *citing* N.T., 5/23/19, at 61-62. Relying on **Carrender**, **Rogers v. Max Azen, Inc.**, 16 A.2d 529 (Pa. 1940), and **Thomas v. Family Dollar Stores of PA**, 2018 WL 6044931, at *3 (E.D. Pa. 2018), Home Depot asserts that if Appellee had been looking where he was walking, the danger of the piece of wood would have been "readily apparent," and he could have easily avoided slipping on it. Home Depot's Brief at 26-29. Thus, it maintains it owed Appellee "no duty and is not liable for his injuries." **Id.** at 29.

The trial court disposed of this claim as follows:

Home Depot argues that a photograph of [Appellee] shortly after he fell "clearly establishes" that the piece of wood was open and obvious, because the piece of wood is in the aisle through which [Appellee] was walking. This evidence, however, does not constitute grounds for a non-suit, since reasonable minds can differ about whether [Appellee] should have seen the wood. It is not unreasonable for a jury to find that it was Home Depot's duty to protect [Appellee] against this condition. Therefore, this Court did not err in finding that the piece of wood was not an open and obvious condition as a matter of law.

Trial Ct. Op. at 8-9 (record citations omitted).

We detect no error of law or abuse of discretion on the part of the trial court. Based on the photos of the piece of wood included in the certified record, it is evident the wood was thin and approximately the length of a man's shoe. **See** Home Depot's Motion for Summary Judgment at Exhibit B; Trial Exhibit List, 6/4/19, at 1-2. The trial court acted within its discretion when it determined that "reasonable minds [could] differ" as to whether Appellee should have seen the piece of wood and recognized its danger. Trial Ct. Op. at 8-9.

The cases Home Depot relies upon do not compel a different result. In **Carrender**, the plaintiff slipped on a patch of ice next to her car after leaving an appointment. **Carrender**, 469 A.2d at 122. Significantly, the plaintiff knew the patch of ice was there, but chose to park her car in that spot, despite the fact there were other spaces in the parking lot free of ice. **Id.** The Supreme Court explained that the plaintiff's "own testimony showed not only that the existence of the ice was obvious to a reasonably attentive invitee, but also that [the plaintiff] herself was aware of the ice and appreciated the risk

of traversing it." *Id.* at 124. Because the danger "posed by the isolated patch of ice was both obvious and known," the Court concluded the defendants "could have reasonably expected that the danger would be avoided." *Id.* Conversely, here, there was no testimony Appellee saw the piece of wood in the aisle, but proceeded to step on it anyway. Moreover, based upon the photos, we cannot say that no two reasonable minds could disagree that the "danger" of the wood in the aisle was open and obvious. Thus, **Carrender** does not compel a different result.

In **Rogers**, the plaintiff was injured after she alighted a flight of stairs at a store, and "stumbled or tripped . . . over the end of a half-inch high base [by] which the banister was anchored to the floor and upon which it rested." **Rogers**, 16 A.2d at 530. In concluding that the defendant/store was entitled to judgment as a matter of law, the Pennsylvania Supreme Court focused on the plaintiff's own contributory negligence. *Id.* at 531. Indeed, the Court cited the plaintiff's testimony, which demonstrated her "thoughtless inattention to her surroundings and a complete failure to be duly observant of where she was stepping[.]" *Id.* Significantly, the Supreme Court distinguished the facts before it from those cases in which "a less degree of attention in the placement of feet is required" due to store displays designed to catch the attention of shoppers. *Id.* In the present case, Appellee claimed he was distracted by merchandise so that he did not focus on the floor in front of him. For that reason, we find **Rogers** distinguishable.

Home Depot also relies upon **Thomas**, an unpublished federal district court decision, which is not binding on this Court. **See Carbis Walker, LLP v. Hill, Barth & King, LLC**, 930 A.2d 573, 581 n.9 (Pa. Super. 2007) ("[W]hile federal district court decisions may be persuasive, they are not binding authority."). Nevertheless, we conclude that it, too, does not compel a different result.

In **Thomas**, the plaintiff was shopping in the detergent aisle of a Dollar Store, and looking at the shelves to find the detergent she needed. **Thomas**, 2018 WL 6044931 at *1. "As she rounded the corner of the aisle, [the plaintiff] encountered a 'thick, yellow substance' on the floor, next to a broken glass bottle." **Id.** She slipped on the substance and fell. **Id.** The district court concluded the defendant/store owed no duty to the plaintiff because the substance on the floor was an "open and obvious condition." **Id.** at *2. The court determined the "condition and its danger would have been readily apparent to a reasonable person" and could have been avoided if the plaintiff had been paying attention to where she was walking. **Id.** at *3.

While **Thomas** appears at first glance to be factually similar to the case before us, we note, here, the trial court had the opportunity to view pictures of the "dangerous condition" — the piece of wood lying on the floor. After viewing the photos, the court determined that reasonable people could disagree whether the danger posed by the piece of wood lying in the aisle was so obvious that "both the condition and this risk [would have been] apparent to and . . . recognized by a reasonable man[.]" **See Carrender**, 469 A.2d at

123, *quoting* Restatement (Second) of Torts § 343A *comment*. Indeed, we agree the "danger" of a small piece of wood on the floor of a lumber store is less obvious and recognizable than the danger of a slippery substance located next to a broken glass bottle. Accordingly, we detect no error in the court's refusal to find, as a matter of law, that the piece of wood constituted an open and obvious danger.

Home Depot also argues it was entitled to judgment as a matter of law because Appellee failed to establish Home Depot had constructive notice of the dangerous condition. Home Depot's Brief at 29. It maintains Appellee's failure to present any evidence as to "how the piece of wood ended [up] on Home Depot's floor or how long the piece of wood was there" defeats his claim. *Id.* at 31.

The trial court, however, found Appellee presented sufficient evidence for a jury to infer Home Depot had actual or constructive notice of the piece of wood on the floor:

> [Appellee] testified that he saw three Home Depot employees in the vicinity of the accident before he slipped and fell. He also testified that there was a lumber saw near the accident location. Moreover, [Peter] Gallagher, a Home Depot assistant store manager, corroborated [Appellee's] testimony about the saw, adding that he estimated that the saw was 12 to 14 feet from the site of the accident, that there was an employee standing next to the saw at the time of the accident, and that only Home Depot employees were authorized to use the saw. In addition, Mr. Gallagher repeatedly testified that Home Depot employees were trained to detect and correct slip hazards, but the ones who were close to the accident location failed to do so. Finally, Mr. Gallagher testified that Home Depot employees routinely document inspections for slip hazards at 10 a.m. each day, but [Appellee's]

accident occurred at 4 p.m. Considered in conjunction, this testimony supports the conclusion that (1) Home Depot knew or should have known about the dangerous condition created by the piece of wood, or (2) Home Depot created the dangerous condition.

Trial Ct. Op. at 10-11.

Again, we agree with the trial court's ruling. Home Depot focuses on the lapse of time between the "origin of the defect and the accident," and emphasizes that there was no evidence presented as to how or when the piece of wood ended up on the floor. Home Depot's Brief at 30. However, the circumstantial evidence, if credited by the jury, was sufficient to demonstrate Home Depot should have known of the dangerous condition. Indeed, Appellee testified that at the time he fell, the "store was empty," but there were three employees standing in the immediate area. N.T., 5/23/19, at 20. Furthermore, assistant store manager Gallagher confirmed there was a lumber saw, manned by a Home Depot employee, approximately 12 to 14 feet from the area where Appellee fell. *Id.* at 85-87, 100. Accordingly, we conclude the trial court did not err or abuse its discretion in denying Home Depot's motion for summary judgment.

Home Depot next challenges the court's jury instructions. "We review the trial court's jury instructions for an abuse of discretion or legal error controlling the outcome of the case." *Cragle v. O'Brien*, 225 A.3d 182, 190 (Pa. Super. 2019) (citations omitted). Moreover, when considering a claim that the trial court improperly charged the jury, we must bear in mind the following:

"It is well settled that in reviewing a challenge to a jury instruction the charge, as a whole, must be considered. Furthermore, the trial court has broad discretion in phrasing the instructions, so long as the directions given 'clearly, adequately, and accurately' reflect the law." "Error in a charge is sufficient ground for a new trial, if the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue. A charge will be found adequate unless 'the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said or unless there is an omission in the charge which amounts to fundamental error.'" Further, "[a] reviewing court will not grant a new trial on the ground of inadequacy of the charge unless there is a prejudicial omission of something basic or fundamental. In reviewing a trial court's charge to the jury, we must not take the challenged words or passage out of context of the whole of the charge, but must look to the charge in its entirety." "The harmless error doctrine underlies every decision to grant or deny a new trial. A new trial is not warranted merely because some irregularity occurred during the trial or another trial judge would have ruled differently; the moving party must demonstrate to the trial court that he or she has suffered prejudice from the mistake."

*Grove v. Port Auth. of Allegheny Cty.*, 218 A.3d 877, 887–88 (Pa. 2019) (citations omitted).

First, Home Depot argues the trial court erred when it failed to charge the jury on factual cause and removed the issue of factual cause from the jury verdict sheet.[6] Home Depot's Brief at 60. Although the trial court determined a finding of factual cause was unnecessary because Home Depot's expert witness admitted Appellee suffered some injury, Home Depot insists its expert did not testify that Appellee was injured by slipping on a piece of wood. *Id.* at 64-65. Rather, it maintains "[t]here are multiple ways [Appellee] could

---

[6] This Court reviews challenges to the verdict sheet under the same standard as challenges to the court's jury instructions. *See Seels v. Tenet Health Sys. Hahnemann, LLC*, 167 A.3d 190, 208 n.5 (Pa. Super. 2017).

have accidentally or purposely slipped in the store" and "[t]he causal connection in this case was for the jury to decide." *Id.* at 65-66.

Preliminarily, we note Home Depot's Statement of Questions Involved does not include the claim that the court erred in removing the issue of factual cause from the jury verdict sheet. Home Depot's Brief at 7 (challenging "whether the trial court erred in charging the jury on negative inference and failing to charge the jury on factual cause and other Home Depot requested instructions"). Pennsylvania Rule of Appellate Procedure 2116 mandates that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Nevertheless, we note that this particular claim was raised during trial, in post-trial motions, and in Home Depot's Rule 1925(b) statement. *See* N.T., 5/28/19, at 4-16; Home Depot's Motion for Post Trial Relief, 6/5/19, at 11-12; Home Depot's Concise Statement of Errors Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), 11/18/19, at 3. Moreover, the trial court's opinion, while focused on the jury instruction question, clearly explains why the court decided to remove the issue from consideration by the jury. *See* Trial Ct. Op. at 19-20. Furthermore, Appellee raises no objection to the discrepancy in Home Depot's brief. Thus, we decline to find this issue waived because Home Depot's failure to comply with Rule 2116 does not impede our review. *See Phillips v. Selig*, 959 A.2d 420, 428 (Pa. Super. 2008) (overlooking appellant's failure to specifically challenge grant of summary

judgment on one of three causes of action in statement of questions involved when appellant developed argument for all three in argument section of brief).

> As in any negligence action, a plaintiff in a slip and fall case must prove:
>
> > (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) a causal relationship between the breach and the resulting injury suffered by the plaintiff; and (4) actual loss suffered by the plaintiff.
>
> Our Supreme Court has defined factual cause "in the 'but for' sense, explaining that a defendant's allegedly wrongful act is a cause-in-fact if the plaintiff proves that the harm he sustained would not have happened, but for the defendant's act."

***Koziar v. Rayner***, 200 A.3d 513, 518–19 (Pa. Super. 2018).

In the case *sub judice*, on the final day of trial, counsel for Appellee objected to including a factual cause question on the jury verdict sheet. ***See*** N.T., 5/28/19, at 3. Specifically, counsel argued that "[b]oth medical experts agreed that there is an injury caused by the incident." ***Id.*** Indeed, Home Depot's expert, Richard Jay Levenberg, M.D., acknowledged twice during his deposition testimony that Appellee suffered an injury as a result of the fall:

> [Home Depot's counsel:] And based on the results of your physical examination, your review of the records, including the MRI results and other diagnostic studies, did you arrive to a reasonable degree of medical certainty at an opinion on what injuries [Appellee] sustained when he allegedly tripped and fell at Home Depot on February 22, 2017?
>
> [Dr. Levenberg:] Yes. He had a sprain and strain and contusion.
>
> *   *   *
>
> [Appellee's counsel:] And I believe you did tell this jury that [Appellee] suffered an injury in this fall and you've qualified that as a sprain/strain, contusion?
>
> [Dr. Levenberg:] I did.

- 16 -

Trial Exhibit List, P-8, Videotape Deposition of Richard Jay Levenberg, M.D., 5/2/19, at 19, 51-52. Based on Dr. Levenberg's admission that "there is a causal connection," the trial court omitted from the verdict sheet the question of whether Home Depot's negligence (assuming the jury found it was negligent) was a factual cause of Appellee's injury. N.T., 5/28/19, at 16.

In support of its ruling, the trial court relies upon *Andrews v. Jackson*, 800 A.2d 959 (Pa. Super. 2002). In that case, the defendant was driving a moving van, and, after stopping too far into an intersection at a stoplight, backed up into the plaintiff's car. *Id.* at 960. The plaintiff filed a negligence action. During trial, the defendant's expert conceded the plaintiff "had suffered a soft-tissue injury . . . in the accident" but refuted the plaintiff's assertion that the accident aggravated a prior condition. *Id.* at 961. The jury returned a verdict finding the defendant negligent, but concluded their negligence was not a substantial factor in causing the plaintiff's injuries, and awarded no damages. *Id.* The trial court subsequently granted the plaintiff's motion for a new trial, "finding both parties' medical experts had agreed that [the plaintiff] suffered some injury as a result of the accident." *Id.* On appeal, this Court affirmed the trial court's award of a new trial, concluding:

> Where there is no dispute that the defendant is negligent and both parties' medical experts agree the accident caused some injury to the plaintiff, the jury may not find the defendant's negligence was not a substantial factor in bringing about at least some of plaintiff's injuries. Such a verdict is contrary to the weight of the evidence adduced at trial.

*Id.* at 962 (citations omitted).

Relying on this language in **Andrews**, the trial court in the present case opined:

> The issue of the **degree** of an injury is addressed through damages, not factual cause. As such, the existence of evidence tending to show that there were concurrent causes for [Appellee's] injury did not compel this Court to charge the jury regarding factual cause, since [Home Depot's] expert had conceded this element of [Appellee's] claim.

Trial Ct. Op. at 20 (citation omitted). Clearly, the court viewed the evidence of "concurrent causes" as evidence of degree of injury. **Id.**

Home Depot argues, however, that "**Andrews** applies only to motor vehicle cases." Home Depot's Brief at 66. Rather, it contends the decisions in **Daniel v. William R. Drach Co., Inc.**, 849 A.2d 1266 (Pa. Super. 2004), and **Koziar**, **supra** — both of which involved injuries sustained in a slip and fall — are more applicable here. We agree.

In **Daniel**, the plaintiff slipped and fell on the defendant's loading dock while he was picking up an 800-pound barrel of scrap metal. **Daniel**, 849 A.2d at 1266. The plaintiff insisted he fell because the defendant negligently allowed oil to build up on the floor. **Id.** At the conclusion of trial, the jury found the defendant negligent, but that the negligence was not a substantial factor in causing the plaintiff's injury. **Id.** The trial court denied the plaintiff's motion for a new trial. **Id.** at 1266-67.

On appeal, relying on **Andrews**, the plaintiff argued that the trial court should have found the jury's verdict was against the weight of the evidence.

*Daniel*, 849 A.2d at 1268. However, this Court concluded *Andrews* was distinguishable:

> In *Andrews* and the other cases that [the plaintiff] cite[s], the jury's finding of negligence established that the negligent operator of the vehicle caused the collision. Whereas those juries' findings on negligence established that the drivers were liable for causing the collision, the jury's decision in this case that [the defendant] was negligent did not establish that its negligence caused the alleged accident in which [the plaintiff] injured himself. **This is so because when an auto accident occurs and one driver is found to be negligent, then absent contributory negligence, the driver's negligence is almost invariably what caused the auto accident.** And therefore, if there is an uncontroverted injury that arose from the auto accident, the jury must find that the driver's negligence, which caused the accident, was also a substantial factor in causing the injury.

*Id.* (emphasis added).

The *Daniel* Court, however, explained that *Andrews* did not stand for the proposition that "**regardless of the factual circumstances**, a finding of negligence combined with an uncontroverted injury automatically requires a finding that the negligence was a substantial factor in causing the accident that caused the injury." *Daniel*, 849 A.2d at 1268 (emphasis added). Rather, the Court noted that the defendant, through cross-examination of the plaintiff, attempted to show that "other factors may have caused [the] accident," including the plaintiff's own actions in attempting to control an 800-pound drum. *Id.* at 1269. Therefore, this Court concluded a new trial was not warranted. *Id.* at 1273.

In *Koziar*, the plaintiff was working as a house cleaner at the defendants' home when she tripped and fell while exiting the garage. *Koziar*,

200 A.3d at 516. Following trial, the jury found the defendants negligent, but concluded their negligence was not a factual cause of the plaintiff's harm. **Id.** at 517. The trial court subsequently granted the plaintiff's motion for a new trial, concluding the jury's verdict was against the weight of the evidence because the medical testimony was uncontested that the plaintiff was injured in the fall. **See id.**

This Court, however, reversed on appeal. **Koziar**, 200 A.3d at 522. Relying on **Daniel**, the **Koziar** Court opined:

> In this case, [the plaintiff] provided several different accounts of how the fall occurred, which the [defendants] presented during [the plaintiff's] cross-examination. The jury could have well found that in one or more of the versions of events provided by [the plaintiff], the [defendants] were negligent, but ultimately determined that version was not where or how [the plaintiff] fell and sustained her injuries. Alternatively, the jury could have found that while the [defendants] were negligent, it was not their negligence, but rather [the plaintiff's] own negligence that caused her injuries.

**Id.** at 520–21.

We conclude the facts in the present case are more closely aligned with those in **Daniel** and **Kozier** than those in **Andrews**. As Home Depot asserts in its brief, "[t]here are multiple ways [Appellee] could have accidentally or purposely slipped in the store and the expert did not testify that [Appellee] slipped as a result of the piece of wood." Home Depot's Brief at 65. We agree. Although Appellee testified he slipped on a piece of wood that was

"underneath" his foot,[7] one of Home Depot's employees, Dante Harris, who was standing nearby provided the following statement:[8]

> I did see [the] man fall, but he did not fall on the piece of wood that was on the ground. It was nowhere near him and we thought he passed out because we all saw that the floor was clear from debris, leaving nothing to fall on.

N.T., 5/23/19, at 106. Thus, Home Depot should have been permitted to argue to the jury that Appellee failed to prove he slipped on the piece of wood recovered near the fall. Furthermore, while we agree Dr. Levenberg's testimony conclusively established Appellee suffered some injury as a result of the fall, it did not establish that Appellee fell **because** he slipped on a piece of wood on the floor, nor could it. Accordingly, we agree with Home Depot that the trial court erred when it removed the issue of factual cause from the jury on this basis. Thus, we are compelled to vacate the judgment and remand for a new trial.

Lastly, Home Depot argues the trial court erred when it refused to provide Home Depot's requested instructions on the issues of "open and obvious conditions" and "constructive notice."[9] Home Depot's Brief at 67.

---

[7] N.T., 5/23/19, at 21.

[8] Although Harris did not testify at trial, his statement was marked as an exhibit and read to the jury. N.T., 5/23/19, at 106.

[9] Home Depot preserved its objections to the jury instructions at trial. **See** N.T., 5/28/19, at 39-41, 45. **See also** Pa.R.A.P. 302(b) ("A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of.").

Home Depot insists the standard instruction, provided by the court, did not adequately inform the jury on these concepts.[10]  *Id.* at 69-70, 72.

We reiterate that a trial court has "broad discretion in phrasing the instructions, so long as the directions given 'clearly, adequately, and accurately' reflect the law."  *Grove*, 218 A.3d at 887 (citation omitted). Moreover, this Court will not grant a new trial based on the "inadequacy of the charge unless there is a prejudicial omission of something basic and fundamental."  *Id.* at 888 (citation omitted).

With respect to the concept of an open and obvious condition, Home Depot requested the trial court, *inter alia*, define the term "obvious," instruct the jury that a person "must always look where he is going," and compare a shopper's obligation to watch for obstacles when walking to a driver's obligation to not get distracted by billboards.  *See* Home Depot's Proposed Jury Instructions at ## 19, 23, 23(a), 23(b).[11]  On the issue of constructive notice, Home Depot requested the court charge the jury that a property owner has "actual notice" of a harmful condition only if the plaintiff proves "the harmful condition was a reoccurring and uncorrected condition," and that to

---

[10] Although we remand for a new trial on the grounds set forth above, we nevertheless address this claim, which might arise on remand.

[11] Although Home Depot's proposed jury instructions are not included in the certified record, they are included in Home Depot's Reproduced Record, and Appellee does not dispute their accuracy.  *See* Home Depot's Reproduced Record at 23a-87a.

prove "constructive notice," Appellee must establish "the harmful condition existed for such a length of time that in the exercise of reasonable care, the property owner should have known of its existence." *Id.* at ## 21, 22.

Here, the trial court provided the following jury instruction on the issue of Home Depot's duty to Appellee:

> An owner of land is required to use reasonable care in the maintenance and use of the land and to protect invitees from foreseeable harm. An owner of land is also required to inspect the premises and to discover dangerous conditions. An owner of land is liable for harm caused to invitees by condition on the land if the owner knows or by using reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm and the owner should expect that the invitees will not discover or realize the danger or will fail to protect themselves against it and the owner fails to use reasonable care to protect the invitees against the danger. An owner of land is liable to invitees for any harm that the owner should have anticipated, regardless of whether the danger is known and obvious.

N.T., 5/28/19, at 73. This charge mirrors the standard instruction for a land owner's duty of care to invitees. *See* Pa.S.S.J.I. (Civ.) 18.40. Furthermore, the trial court also instructed the jury to consider Appellee's negligence, if any, in determining Home Depot's potential liability:

> Now in this case [Appellee] claims he was injured by . . . Home Depot's negligent conduct. In addition, as a defense, Home Depot claims that [Appellee] was negligent and that his own negligence was a factual cause in bringing about his harm. So, the issues you must decide in accordance with the law that I have given you is, was the defendant, Home Depot, negligent? Was [Appellee] negligent? Was [Appellee's] negligent conduct a factual cause in bringing about his injury?

N.T., 5/28/19, at 71-72.

In its opinion, the trial court explained:

- 23 -

These instructions conveyed to the jury that (a) Home Depot did not owe a duty to protect [Appellee] for open and obvious conditions, and (b) Home Depot was not liable to [Appellee] to the extent that [Appellee] himself was negligent. Since Home Depot's proposed instructions would merely have served to repeat these points, they were unnecessarily cumulative, and this Court need not use them.

\* \* \*

[Moreover, t]hese instructions addressed the points of law in Home Depot's proposed instruction, namely, that a business owner must have actual or constructive notice of a dangerous condition to be liable for harm caused to invitees. Since Home Depot's proposed instruction would have served to simply repeat these points, they were also unnecessarily cumulative, and this Court need not use them.

Trial Ct. Op. at 22-23.

Again, we find no abuse of discretion in the trial court's ruling. **See Cragle**, 225 A.3d at 190. The standard instruction properly and sufficiently instructed the jury that Home Depot would not be held liable for any obviously harmful conditions which a shopper should recognize. Indeed, Home Depot does not cite any authority in which an appellate court found error in a trial court's instruction because the trial court did not define the term "open and obvious" for the jury.[12] Thus, we agree Home Depot's proposed instructions on this issue were superfluous.

With regard to "constructive notice," Home Depot cites **Commonwealth, Dept. of Transp. v. Patton**, 686 A.2d 1302 (Pa. 1997), for the proposition that "the failure to charge a jury on constructive notice in a premises liability case constitutes reversible error warranting a new trial."

---

[12] Our independent research has similarly uncovered no case law.

Home Depot's Brief at 71. Home Depot's argument is misleading. In *Patton*, the decedent died after a tree limb fell onto her car while she was driving on a state road. *Patton*, 686 A.2d at 1303. The plaintiff, the administrator of the decedent's estate, presented expert testimony that a tree inspector should have recognized the danger. *Id.* The trial court provided the jury with a general charge on negligence, but refused the Commonwealth's proposed charge, which would have instructed the jury that it must determine if the Commonwealth had "actual or constructive notice . . . of the allegedly dangerous condition of the highway where [the] accident occurred." *Id.* at 1304 (citation omitted). Rather, "the trial court held that **no notice**, actual or constructive [was] necessary to activate the Commonwealth's liability under 42 Pa.C.S. § 8522(b)(4)," which sets forth exceptions to the Commonwealth's sovereign immunity. *Id.* (emphasis added). Clearly, *Patton* is distinguishable from the present case in which the trial court instructed the jury that Home Depot was liable for Appellee's harm caused by a condition on its land if it "knows or by using reasonable care would discover the condition[.]" N.T., 5/28/19, at 73. Accordingly, *Patton* is not controlling, and Home Depot is entitled to no relief on this claim.

Because we agree the trial court committed reversible error when it removed the issue of factual cause from the jury verdict sheet, we vacate the judgment entered for Appellee and remand for a new trial.[13]

Judgment vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/20

---

[13] In light of our disposition, we need not address Home Depot's claims that the trial court erred when it (1) permitted Juror #2 to remain on the jury panel, (2) required Home Depot to produce a witness who was not notified to attend until the eve of trial, (3) precluded Home Depot from admitting into evidence the piece of wood which allegedly caused Appellee's fall, and (4) subsequently provided a negative inference charge based upon Home Depot's failure to produce the evidence. Home Depot's Brief at 48, 55. We note, however, that while Home Depot's failure to make the wood available during discovery was suspect, it did provide photos of the wood, and Appellee did **not** specifically request to inspect the item or file a motion to compel at any time before trial. *See* N.T., 5/28/19, at 17-23. Furthermore, after the trial court granted Appellee's request to exclude the evidence based on a discovery violation, the added prejudice of a negative inference charge was unwarranted. Home Depot did not destroy or fail to provide the evidence; rather, it turned over the evidence in an untimely manner. We presume, however, that this claim will be rendered moot during retrial as the piece of wood has been recovered.

- 26 -